1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  LEONON ALSTON,

11          Plaintiff,                    No. CIV S-04-2374 DFL JFM P

12      v.

13  M. SANCHEZ, et al.,

14          Defendants.            FINDINGS & RECOMMENDATIONS

15  _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17  42 U.S.C. § 1983.  Plaintiff claims that defendants violated his right to free exercise of religion

18  guaranteed by the First Amendment and the Religious Land Use and Incarcerated Persons Act

19  (RLUIPA) 42 U.S.C. § 2000cc, and his right to equal protection guaranteed by the Fourteenth

20  Amendment, and et seq. by requiring him to cut his hair and shave his beard in violation of his

21  religious beliefs as a Rastafarian under grooming regulations promulgated and implemented by

22  the California Department of Corrections in 1997.  This matter is before the court on defendants'

23  motion for summary judgment.

24  /////

25  /////

26  /////

1

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

1  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

2  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

3  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

4  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

5  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

6  1436 (9th Cir. 1987).

7          In the endeavor to establish the existence of a factual dispute, the opposing party

8  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

9  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

10 versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

11 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

12 genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

13 committee's note on 1963 amendments).

14         In resolving the summary judgment motion, the court examines the pleadings,

15 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

16 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

17 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

18 court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

19 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

20 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

21 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

22 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

23 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

24 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

25 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

26 /////

1    On September 15, 2003, the court advised plaintiff of the requirements for

2    opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v.

3    Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and

4    Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

5    ANALYSIS

6    I.  Undisputed Facts

7    Plaintiff is a prisoner at High Desert State Prison (HDSP) in Susanville,

8    California.  Defendant Michael Sanchez is a correctional officer at HDSP.  Defendant S.

9    Armoskus is the Associate Warden at HDSP.  Defendant D. L. Runnels is the Warden at HDSP.

10   Plaintiff is a Rastafarian and contends that a fundamental tenet of his religion is to remain

11   unshaven and grow his hair in its natural state, thus plaintiff wears a beard and dreadlocks.

12   (Plaintiff's Compl., filed November 5, 2004, ¶ IV.)  Plaintiff's religious beliefs are sincere.

13   (Defendants' Renewed Notice and Motion for Summary Judgment (DMSJ), filed February 6,

14   2006, at 5.)

15   In 1997, the CDCR implemented grooming regulations for male prisoners.  The

16   regulations required, in relevant part, that a male inmate could not grow his hair longer than three

17   inches in length or below his shirt collar, and that a male inmate's face must be clean shaven.

18   (Declaration of D. L. Runnels, attached as Exhibit A to Defendants' Statement of Undisputed

19   Facts (DUF), filed February 6, 2006, ¶ 2.)  Plaintiff has been disciplined for his refusal to cut his

20   hair or beard.  (Plaintiff's Compl. ¶ IV.)

21   On July 29, 2005, the Ninth Circuit held that the 1997 CDCR grooming policy

22   violated RLUIPA because the policy was not the least restrictive means to achieve the state's

23   compelling interest in maintaining prison safety and security.  Warsoldier v. Woodford, 418 F.3d

24   989 (2005).  In response to Warsoldier, on January 17, 2006, the CDCR filed emergency changes

25   to the 1997 grooming regulations.  On July 27, 2006, the new grooming regulations became final.

26   See California Code of Regulations, title 15, § 3062 and history thereof.  In relevant part, the new

4

1  grooming regulations allow inmates of either sex to grow their hair to any length, so long as the

2  hair does not extend over the eyebrows, cover the inmate's face, or pose any risk to health or

3  safety.  (Cal. Code of Regs, title 15, § 3062(e) as amended.)  The changes also allow a male

4  inmate to grow facial hair including a beard, mustache, or sideburns, so long as the facial hair

5  does not "extend more than one half inch in length outward from the face."  (Cal. Code of Regs,

6  title 15, § 3062(h) as amended.)

7  II.  Defendants' Motion

8          Defendants seek summary judgment on the grounds that the grooming standards

9  do not violate the First Amendment and that plaintiff's claims are moot.

10      A.  First Amendment

11          In 2004, the CDCR's 1997 hair length regulations were upheld against a First

12  Amendment challenge, see Henderson v. Terhune, 379 F.3d 709 (9th Cir. 2004), and as early as

13  1990 prison regulations governing beard length had also withstood a First Amendment challenge.

14  See Friedman v. Arizona, 912 F.2d 328 (9th Cir. 1990).  Defendants are therefore entitled to

15  summary judgment on plaintiff's First Amendment claim.

16      B.  Mootness

17          Mootness is "the doctrine of standing set in a time frame: The
        requisite personal interest that must exist at the commencement of

18      the litigation (standing) must continue throughout its existence
        (mootness)."  United States Parole Comm'n v. Geraghty, 445 U.S.

19      388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980) (quoting
        Henry Monaghan, Constitutional Adjudication: The Who and

20      When, 82 Yale L.J. 1363, 1384 (1973)).  Article III of the United
        States Constitution confers jurisdiction on federal courts over

21      "cases" and "controversies" and has been construed to prohibit
        advisory opinions.  See SEC v. Medical Comm. for Human Rights,

22      404 U.S. 403, 407, 92 S.Ct. 577, 579, 30 L.Ed.2d 560 (1972);
        Muskrat v. United States, 219 U.S. 346, 362, 31 S.Ct. 250, 255, 55

23      L.Ed. 246 (1911).  A federal court has no jurisdiction to hear a case
        that cannot affect the litigants' rights.  Allard v. DeLorean, 884

24      F.2d 464, 466 (9th Cir.1989).

25          There are, however, a few exceptions to the mootness doctrine.
        These include cases where the defendant's conduct constitutes a

26      wrong "capable of repetition yet evading review," or where the

                                        5

defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time.  See Barilla v. Ervin, 886 F.2d 1514, 1519 (9th Cir.1989); Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 854 (9th Cir.1985).

Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994).  "An action is moot where the plaintiff already has received all of the relief which would result from a favorable court ruling."  Wysocki v. Sullivan, 761 F.Supp. 693, 696 (C.D.Cal. 1991) (citing DeFunis v. Odegaard, 416 U.S. 312, 319-320 (1974)).

As noted above, plaintiff seeks a permanent injunction against continued enforcement of 1997 grooming standards.  The undisputed evidence shows that defendants are no longer enforcing the 1997 grooming standards.

In his opposition to defendants' motion for summary judgment, filed April 13, 2006, plaintiff contends that this action is not moot because the new 2006 grooming standards still require him to trim his beard to the half-inch maximum length, in violation of his religious beliefs.  There is no evidence, however, that the new grooming regulation has been enforced against plaintiff, or that plaintiff has exhausted administrative remedies with respect to a challenge to the new grooming regulations.  Cf. 42 U.S.C. § 1997e(a).  Plaintiff's challenge to the 2006 grooming regulations is not yet ripe for review by this court. See Earth Island Institute v. Ruthenbeck, __ F.3d __, 2006 WL 2291168, slip op. at 6 (9th Cir. Aug. 10, 2006) (quoting Lujan v. National Wildlife Federation, 497 U.S. 871, 891 (1990) ("a regulation is ordinarily not ripe for review ""until the scope of the controversy has been reduced to more manageable proportions, and *its factual components fleshed out, by some concrete action applying the regulation* to the claimant's situation in a fashion that harms or threatens to harm him.' . . . . (emphasis added).")

For all of the foregoing reasons, plaintiff's remaining claims are moot. Defendants are therefore entitled to summary judgment on those claims.

/////

1     For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that

2  defendants' February 6, 2006 motion for summary judgment be granted.

3     These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen**

5  days after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8  shall be served and filed within ten days after service of the objections.  The parties are advised

9  that failure to file objections within the specified time may waive the right to appeal the District

10  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:  August 28, 2006.

13  _____
    UNITED STATES MAGISTRATE JUDGE

15  12/17
16  alst2374.57

7